YUN LOUISE LU, CA BAR NO. 253114
   louise.lu@foley.com
MIGUEL J. BOMBACH, CA BAR NO. 2274287
   miguel.bombach@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA  92130
TELEPHONE: 858.847.6700
FACSIMILE: 858.792.6773

Attorneys for Plaintiffs
Shanghai Jinko Green Energy Enterprise Management Co., Ltd.
and Zhejiang Jinko Solar Co., Ltd.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANGHAI JINKO GREEN ENERGY ENTERPRISE MANAGEMENT CO., LTD. and ZHEJIANG JINKO SOLAR CO., LTD.<br><br>Plaintiffs,<br><br>v.<br><br>WWB CORPORATION, VIETNAM SUNERGY JOINT STOCK COMPANY, VIETNAM SUNERGY (BAC NINH) COMPANY LIMITED, VSUN SOLAR USA INC, TOYO CO., LTD., VIETNAM SUNERGY CELL COMPANY LIMITED, TOYO SOLAR TEXAS LLC, and TOYO SOLAR MANUFACTURING ONE MEMBER PRIVATE LIMITED COMPANY.<br><br>Defendants. | Case No. 3:24-cv-08828-JSC<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Complaint Filed: December 6, 2024<br><br>Judge: Hon. Jacqueline Scott Corley |

Plaintiffs Shanghai Jinko Green Energy Enterprise Management Co., Ltd. ("Shanghai Jinko") and Zhejiang Jinko Solar Co., Ltd. ("Zhejiang Jinko") (collectively, "Jinko" or "Plaintiffs") hereby assert the following claims for patent infringement against Defendants WWB Corporation ("WWB"), Vietnam Sunergy Joint Stock Company ("Vietnam Sunergy"), Vietnam Sunergy (BAC NINH) Company Limited ("Vietnam Sunergy (BAC NINH)"), VSUN Solar USA Inc ("VSUN Solar USA"), TOYO Co., Ltd. ("PubCo"), Vietnam Sunergy Cell Company Limited ("TOYO Solar"), TOYO SOLAR TEXAS LLC ("TOYO Texas"), and TOYO SOLAR

MANUFACTURING ONE MEMBER PRIVATE LIMITED COMPANY ("TOYO Ethiopia") (collectively, "Defendants" or "VSUN") and alleges as follows:

**THE PARTIES**

1.      Shanghai Jinko is a foreign company organized and existing under the laws of China with its principal place of business at 5F, No. 277 Huqingping Road, Minhang District, Shanghai, China.

2.      Zhejiang Jinko is a foreign company organized and existing under the laws of China with its principal place of business at 58 Yuan Xi Road, Yuan Hua Town, Haining, Zhejiang Province, China.

3.      Upon information and belief, WWB is a foreign corporation organized and existing under the laws of Japan with its principal place of business at Tennozu First Tower F5, 2-2-4, Higashishinagawa, Shinagawa-ku, Tokyo 140-0002.  This is the same address as Defendant PubCo.

4.      Upon information and belief, Vietnam Sunergy is a foreign joint stock company organized and existing under the laws of Vietnam with its principal place of business at Lot III - Dong Vang, Dinh Tram Industrial Park, Nenh Ward, Viet Yen Town, Bac Giang Province, Vietnam.

5.      Upon information and belief, Vietnam Sunergy (BAC NINH) is a foreign limited company organized and existing under the laws of Vietnam with its principal place of business at Lot CN-09.1 Thuan Thanh II Industrial Park, Mao Dien Commune, Thuan Thanh District, Bac Ninh Province, Vietnam.

6.      Upon information and belief, VSUN Solar USA is a corporation organized and existing under the laws of California with its principal place of business at 909 Corporate Way, Fremont, California 94539.

7.      Upon information and belief, PubCo is a Cayman Islands exempted company organized and existing under the laws of Cayman Islands with its principal place of business at Tennoz First Tower F5, 2-2-4, Higashi-shinagawa, Shinagawa-ku, Tokyo, Japan 140-0002. PubCo is listed on the NASDAQ Capital Market under the symbol "TOYO." This is the same address as Defendant WWB.

8. Upon information and belief, TOYO Solar is a foreign limited company organized and existing under the laws of Vietnam with its principal place of business at Lot CN02 Cam Khe Industrial Park, Cam Khe Town, Cam Khe District, Phu Tho Province, Vietnam.

9. Upon information and belief, TOYO Texas, formerly named as Solar Plus Technology Texas LLC, is a Texas limited liability company organized and existing under the laws of Texas with its principal place of business at 6115 Greens Road, Humble, TX 77396-5199.

10. Upon information and belief, TOYO Ethiopia is a foreign private limited company organized and existing under the laws of Ethiopia with its principal place of business in Hawassa, Ethiopia.

11. Upon information and belief, WWB is a parent company that has ownership and control over Vietnam Sunergy, Vietnam Sunergy (BAC NINH), VSUN Solar USA, PubCo, - TOYO Solar, TOYO Texas, and TOYO Ethiopia.

## **BACKGROUND OF THE PARTIES**

12. Jinko is a globally leading photovoltaic (PV) module ("solar panel") manufacturer and energy storage system integrator.  Founded in 2006, Jinko is one of the pioneers in large-scale research and manufacturing of PV products in the world. From the beginning, Jinko has secured a strong global market position through strategic foresight, continuous R&D investment, independent innovation, outstanding product quality, and an extensive sales network. According to the industry research report prepared by China Insights Consultancy Limited (the "CIC Report"), Jinko was the world's largest PV module manufacturer in 2023, with their module shipments accounting for 19.3% of the total annual shipment volume among the top 10 module suppliers. Jinko has been the champion in global annual module shipments five times.

13. Embracing the mission of "optimizing the energy portfolio and taking responsibility for enabling a sustainable future" (https://www.jinkosolar.com/en/site/aboutus), Jinko strategically positions itself in the core segments of the photovoltaic industry chain.  It focuses on integrated research, development, and manufacturing of photovoltaic products, as well as providing comprehensive clean energy solutions.

14. Jinko prioritized the large-scale production of N-type products starting in 2019. Jinko holds the leading position in the N-type TOPCon segment, with annual shipments of N-type TOPCon modules in 2023 reaching 48.4 GW.

15. Jinko has been awarded over 2,800 issued patents, with a proprietary portfolio that includes over 460 industry-leading patents related to N-type TOPCon technology.

16. Jinko has earned numerous accolades for its work in the field. It also pioneered the "vertically integrated" production capacity from silicon wafer and cell to module production in the industry.

17. VSUN competes directly against Jinko for customers of solar panels, including products that are designed for the same applications as Jinko products.

18. VSUN's solar panels, including its TOPCON N-type solar panels, use Jinko's patented technology without authorization.

19. VSUN publicly touts its solar panels—including the Accused Products—as being "engineered in Japan," including on the "About VSUN" page of its website[1]:

**Engineered in Japan**

VSUN is a Japanese-invested solar solution provider, with a vertically integrated supply chain, We provide more than just the best products, including wafer, solar cell and modules.VSUN offers reliability, high efficiency solar products and technology globally.

20. The only Defendants with addresses in Japan are WWB and PubCo.

21. Upon information and belief, PubCo is a holding company that is not involved in the "engineering" of the Accused Products.

[1] Available at https://www.vsun-solar.com/about.html. These facts are re-iterated and re-emphasized in VSUN's marketing materials, including the brochure available at https://www.vsun-solar.com/uploads/image/20240530/6658251b9f00c.pdf.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

22.     In contrast, WWB manufactures solar panels.  Thus, a member of the VSUN corporate family, "engineers" solar panels in Japan, and, upon information and belief, that entity is WWB.

**JURISDICTION AND VENUE**

23.     This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

24.     This Court has specific and/or general personal jurisdiction over Defendants. Defendants, acting in concert with each other and as principals and agents, and through intermediaries including subsidiaries, distributors, affiliates, retailers suppliers, integrators, and customers, conduct business and have committed acts of patent infringement and/or have induced acts of and/or contributed to the patent infringement by others in this judicial district, the State of California, and elsewhere in the United States, including by doing substantial, continuous, and systematic business in California and this district, such as the manufacturing, marketing, selling, installing and distributing of infringing solar panels.  Moreover, Defendants have purposefully availed themselves of the benefits of the State of California and this Court's exercise of jurisdiction over Defendants is reasonable and comports with due process.

25.     This Court further has personal jurisdiction over WWB, a member of the VSUN corporate family that engineers solar panels in Japan, TOYO Texas, and TOYO Ethiopia because they each introduce the Accused Products or components thereof into the stream of commerce with the knowledge that these items are destined for this judicial district, the State of California, and elsewhere in the United States.  Specifically, WWB induces infringement under 35 U.S.C. § 271(b) at least by, upon information and belief, engaging in engineering design and providing technical support for the manufacturing of the Accused Products or components thereof, with the knowledge and/or intent that these products are sold within the U.S. market.  WWB and TOYO Ethiopia each have contributed to the infringement under 35 U.S.C. § 271(c) by, on information and belief, selling, offering to sell, or importing into the United States components that constitute a material part of the claimed invention.  WWB and TOYO Ethiopia knew that these components were

especially made or adapted for use in infringing the Asserted Patents in this State, and that they are not staple articles or commodities of commerce suitable for substantial non-infringing use.

26.    Plaintiff incorporates herein the allegations contained in the preceding paragraphs. Venue is proper in this judicial district pursuant to at least 28 U.S.C. § 1391 (b) and (c) and 28 U.S.C. § 1400(b).  VSUN may be sued in this district because VSUN has a regular and established place of business in this district, and because it commits acts of infringement (*i.e.*, sells and offers to sell accused products) in this district.  Specifically, VSUN Solar USA has a regular and established place of business at 909 Corporate Way, Fremont, California 94539.  Venue is further proper as to WWB, Vietnam Sunergy, Vietnam Sunergy (BAC NINH), PubCo, TOYO Solar, and Toyo Ethiopia in this District pursuant to 28 U.S.C. § 1391 because WWB, Vietnam Sunergy, Vietnam Sunergy (BAC NINH), PubCo, TOYO Solar, and TOYO Ethiopia are foreign companies not resident in the United States, and thus may be sued in any judicial district of the United States.

## ASSERTED PATENTS

27.    Jinko is the current owner and assignee of U.S. Patent Nos. 11,581,454 (the "'454 Patent") and 11,824,136 (the "'136 Patent") (collectively, the "Asserted Patents").

28.    The '454 Patent was duly and legally issued on February 14, 2023.  The '454 Patent is valid and enforceable.  The '454 Patent is attached hereto as Exhibit 1.

29.    The '136 Patent was duly and legally issued on November 21, 2023.  The '136 Patent is valid and enforceable.  The '136 Patent is attached hereto as Exhibit 2.

30.    Jinko exclusively owns all rights, title, and interest in the Asserted Patents, including the right to bring this action to recover past and future damages for VSUN's infringement of the Asserted Patents.

31.    Defendants are not currently licensed to practice the Asserted Patents.

32.    The Asserted Patents are valid and enforceable.

## DEFENDANTS' INFRINGEMENT OF AND KNOWLEDGE OF THE ASSERTED
## PATENTS

33.    On information and belief, VSUN makes, uses, sells, offers to sell, and/or imports infringing solar panels (the "Accused Solar Panels") in the United States.  The Accused Solar

Panels include, but are not limited to, VSUN's TOPCON N-type solar module series, e.g., VSUN415, VSUN420, VSUN425, VSUN430, VSUN435, VSUN560, VSUN565, VSUN570, VSUN575, VSUN580, VSUN585, VSUN590, VSUN600, VSUN605, VSUN610, VSUN615, VSUN620, VSUN625, VSUN630, VSUN635, VSUN695, VSUN700, VSUN705, VSUN710, VSUN715. These include, but are not limited to the various module types (e.g., VSUN's Vesta N models), including VSUN715N-132BMHT-DG, VSUN710N-132BMHT-DG, VSUN700N-132BMHT-DG, VSUN690N-132BMHT-DG, VSUN705N-132BMHT-DG, VSUN695N-132BMHT-DG, VSUN625N-132BMHR-DG, VSUN615N-132BMHR-DG, VSUN620N-132BMHR-DG, VSUN610N-132BMHR-DG, VSUN605N-132BMHR-DG, VSUN600N-132BMHR-DG, VSUN430N-108BMH-BB, VSUN420N-108BMH-BB, VSUN425N-108BMH-BB, VSUN415N-108BMH-BB, VSUN460N-96BMHR-DG-BB, VSUN450N-96BMHR-DG-BB, VSUN455N-96BMHR-DG-BB, VSUN445N-96BMHR-DG-BB, VSUN440N-96BMHR-DG-BB, and VSUN435N-96BMHR-DG-BB, VSUN430N-108MH-BB, VSUN425N-108MH-BB, VSUN420N-108MH-BB, VSUN415N-108MH-BB, VSUN430N-108BMH-DG, VSUN425N-108BMH-DG, VSUN420N-108BMH-DG, VSUN415N-108BMH-DG, VSUN575N-144BMH-DG, VSUN570N-144BMH-DG, VSUN565N-144BMH-DG, VSUN560N-144BMH-DG, VSUN435N-108MH, VSUN430N-108MH, VSUN425N-108MH, VSUN420N-108MH, VSUN700N-132BMH-DG, VSUN690N-132BMH-DG, VSUN695N-132BMH-DG, VSUN685N-132BMH-DG, VSUN590N-144BMH-DG, VSUN585N-144BMH-DG, VSUN580N-144BMH-DG,VSUN635N-156BMH-DG, VSUN625N-156BMH-DG, VSUN630N-156BMH-DG, VSUN620N-156BMH-DG, VSUN615N-156BMH-DG, VSUN610N-156BMH-DG and all substantially similar equivalents thereof.[2]On information and belief, the VSUN575N-144BMH-DG module type is representative of at least the VSUN570N-144BMH-DG, VSUN565N-144BMH-DG, and VSUN560N-144BMH-DG.

---

[2] *See* generally https://www.vsun-solar.com/download/97.html, https://www.vsun-solar.com/pro_page/88.html, https://www.vsun-solar.com/download/96.html, and https://www.vsun-solar.com/download/95.html.

34. The Accused Solar Panels are displayed on VSUN's website, including at https://www.vsun-solar.com/pro_page/88.html.[3]

35. The VSUN website showcases the Accused Solar Panels being used in the United States: https://www.vsun-solar.com/sol_list.html. For a few, non-exhaustive examples, VSUN's Accused Solar Panels have been sold and used in the United States in at least the following instances:

- The accused VSUN575N-144BMH-DG model is installed in Manheim, Pennsylvania.[4]
- The accused VSUN570N-144BMH-DG model is installed at the Cincinnati Zoo & Botanical Garden in Ohio.[5]

36. According to VSUN, it provides continued support to its customers—presumably including its United States customers—by offering twelve years of quality assurance for at least the infringing VSUN575N-144BMH-DG solar panel, which is further backed by a 30-year power output guarantee.[6]

37. Upon information and belief, VSUN has had knowledge of the Asserted Patents since their issuance because, as an active competitor to Jinko, VSUN would have periodically investigated Jinko's patent portfolio, and its applicability to VSUN's products.

38. Defendants have knowledge of the Asserted Patents at least as of December 6, 2024, when Jinko filed its initial complaint.

## COUNT 1

### (Infringement of U.S. Patent No. 11,581,454)

39. Plaintiff repeats and re-alleges all the allegations above as if fully set forth herein.

40. Defendants have directly infringed and continue to infringe, literally and under the doctrine of equivalents, one or more claims of the '454 Patent by making, using, offering to sell,

---

[3] A data sheet for the Accused Solar Panels is further available at the following web address: https://cdn.enfsolar.com/z/pp/2023/3/y8j2eswtiix89j/20230109141044062-1-compressed.pdf?_gl=1*1xtljaj*_gcl_au*MTcyOTE0NzE2Mi4xNzI2NzgyNTk4.
[4] See https://www.vsun-solar.com/sol_page/379.html.
[5] See https://www.vsun-solar.com/sol_page/369.html.
[6] See https://www.vsun-solar.com/uploads/image/20230727/64c1da329f833.pdf.

selling, and/or importing into the United States infringing devices without authority in violation of 35 U.S.C. § 271(a).

41.    As alleged herein and in Exhibit 3, Defendants' products, including the exemplary products analyzed in Exhibit 3, meet each and every one of the claim limitations of at least claim 1 of the '454 Patent.

42.    Defendants also indirectly infringe one or more claims of the '454 Patent, pursuant to 35 U.S.C. § 271(c), by contributing to direct infringement committed by others, such as customers and end-users, in this District and elsewhere in the United States at least by making, using, offering to sell, importing, and/or selling at least the Accused Solar Panels.

43.    Defendants have actively induced infringement of the '454 Patent without authority in violation of 35 U.S.C. § 271(b).  Defendants continue to induce infringement of the '454 Patent without authority in violation of 35 U.S.C. § 271(b). Specifically, Defendants understand, intend, and encourage their products, such as the Accused Solar Panels, to be imported, offered for sale, sold or used in the United States, knowing they infringe at least one claim of the '454 Patent.

44.    The Accused Solar Panels are a material part of the invention of the '454 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing use, and are known by Defendants to be especially made or adapted for use in the infringement of the '454 patent.

45.    Defendants' infringement of the '454 Patent has been and continues to be willful.

46.    Defendants' infringement of the '454 Patent has damaged and continues to damage Jinko in an amount yet to be determined, of at least a reasonable royalty.

## COUNT 2

### (Infringement of U.S. Patent No. 11,824,136)

47.    Plaintiffs repeat and re-allege all the allegations above as if fully set forth herein.

48.    Defendants have infringed and continue to infringe, literally and under the doctrine of equivalents, one or more claims of the '136 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing devices without authority in violation of 35 U.S.C. § 271(a).

49. As alleged herein and in Exhibit 4, Defendants' products, including the exemplary products analyzed in Exhibit 4, meet each and every one of the claim limitations of at least claim 1 of the '136 Patent.

50. Defendants also indirectly infringe one or more claims of the '136 Patent, pursuant to 35 U.S.C. § 271(c), by contributing to or direct infringement committed by others, such as customers and end-users, in this District and elsewhere in the United States at least by making, using, offering to sell, importing, and/or selling at least the Accused Solar Panels.

51. Defendants have actively induced infringement of the '136 Patent without authority in violation of 35 U.S.C. § 271(b). Defendants continue to induce infringement of the '136 Patent without authority in violation of 35 U.S.C. § 271(b). Specifically, Defendants understand, intend, and encourage their products, such as the Accused Solar Panels, to be imported, offered for sale, sold or used in the United States, knowing they infringe at least one claim of the '136 Patent.

52. The Accused Solar Panels are a material part of the invention of the '136 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing use, and are known by Defendants to be especially made or adapted for use in the infringement of the '136 patent.

53. Defendants' infringement of the '136 Patent has been and continues to be willful.

54. Defendants' infringement of the '136 Patent has damaged and continues to damage Jinko in an amount yet to be determined, of at least a reasonable royalty.

## DAMAGES

55. As a result of Defendants' acts of infringement, Jinko has suffered and continues to suffer actual and consequential damages. However, Jinko does not yet know the full extent of the infringement and the amount of damages cannot be ascertained except through discovery and special accounting. To the fullest extent permitted by law, Jinko seeks recovery of damages at least for reasonable royalties, lost profits, unjust enrichment, and benefits received by Defendants as a result of using the patented technology. Jinko further seeks any other damages to which Jinko is entitled under law or in equity, including enhanced damages for Defendants' willful infringement.

56. To remedy any ongoing and/or future harm to Jinko caused by Defendants' infringement, Jinko seeks a preliminary and permanent injunction preventing any further infringement.

## PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

A.    A judgment that Defendants have infringed one or more claims of each of the Asserted Patents;

B.    A preliminary and permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with Defendants, from infringing the Asserted Patents;

C.    An award of damages resulting from Defendants' acts of infringement in accordance with 35 U.S.C. § 284;

D.    A judgment and order finding that Defendants' acts of infringement were egregious and willful and trebling damages under 35 U.S.C. § 284;

E.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Jinko reasonable attorneys' fees against Defendants;

F.    A judgment and order requiring Defendants to provide accountings and to pay supplemental damages to Jinko, including, without limitation, prejudgment and post-judgment interest; and

G.    Any and all other relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Jinko hereby demands a trial by jury of all issues so triable.

DATED:  May 7, 2025

**Foley & Lardner LLP**
Yun Louise Lu
Miguel J. Bombach

*/s/ Miguel J. Bombach*
Miguel J. Bombach
Attorney for Plaintiffs Shanghai Jinko Green Energy Enterprise Management Co., Ltd. and Zhejiang Jinko Solar Co., Ltd.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT